for further consideration in light of *Almeida-Sanchez* v. *United States*, 413 U. S. 266 (1973).

No. 73–5029. WILSON *v.* UNITED STATES. C. A. 9th Cir. Motion for leave to proceed *in forma pauperis* and certiorari granted. Upon representation of the Solicitor General set forth in his memorandum for the United States filed September 8, 1973, judgment vacated and case remanded to the United States District Court for the Northern District of California for reconsideration in light of the position presently asserted by the Government.

No. 73–5007. CONNOLLY *v.* UNITED STATES. C. A. 9th Cir. Certiorari dismissed. *Molinaro* v. *New Jersey*, 396 U. S. 365 (1970).

No. A–228 (73–5213). FAWCETT ET AL. *v.* UNITED STATES C. A. 7th Cir. Application by petitioner Manuel for stay presented to MR. JUSTICE MARSHALL, and by him referred to the Court, denied.

No. A–331 (73–392). DALY *v.* UNITED STATES. C. A. 8th Cir. Application for bail presented to THE CHIEF JUSTICE, and by him referred to the Court, denied.

No. A–344 (73–640, *sub nom. Geduldig* v. *Aiello*). HANSEN, DIRECTOR, DEPARTMENT OF HUMAN RESOURCES DEVELOPMENT *v.* AIELLO ET AL. D. C. N. D. Cal. Application for stay presented to MR. JUSTICE BLACKMUN, and by him referred to the Court, granted pending fur-

ther order of the Court.

No. A–335.  HEUTSCHE v. UNITED STATES.  C. A. 7th Cir.  Application for bail presented to MR. JUSTICE REHNQUIST, and by him referred to the Court, denied.

MR. JUSTICE DOUGLAS, dissenting.

Mr. Justice Holmes in *Olmstead* v. *United States,* 277 U. S. 438, 470 (dissenting), called wiretapping "dirty business."  That decision was rendered in 1928. Since that time "dirty business" has become the apt phrase describing the regime under which we now live. The warrant requirement which this Court imposed as a condition to that kind of surveillance, *Berger* v. *New York,* 388 U. S. 41, and the Act of Congress which implemented that decision, 18 U. S. C. §§ 2510–2520; *United States* v. *U. S. District Court,* 407 U. S. 297, have been flouted.  We who live in the District of Columbia know that electronic surveillance is commonplace.  I am indeed morally certain that the Conference Room of this Court has been "bugged"; and President Johnson during his term in the White House asserted to me that even his phone was tapped.

We deal with a disease that has permeated our society. Certainly Ms. Heutsche is an "aggrieved" person within the meaning of 18 U. S. C. § 3504 (a)(1).[1]  That section

---

[1] "§ 3504.  (a)  In any trial, hearing, or other proceeding in or before any court, grand jury, department, officer, agency, regulatory body, or other authority of the United States—

"(1) upon a claim by a party aggrieved that evidence is inadmissible because it is the primary product of an unlawful act or because it was obtained by the exploitation of an unlawful act, the opponent of the claim shall affirm or deny the occurrence of the alleged unlawful act . . . ."